A Superior Court jury convicted the defendant of (1) trafficking in a class B substance (cocaine), (2) possession of a class B substance (oxycodone) with intent to distribute, and (3) unlawful possession of ammunition. On appeal, he claims that the Commonwealth's evidence was legally insufficient in certain ways. He additionally argues that the judge's use of certain hypotheticals in responding to jury questions amounted to reversible error. We affirm.
1. Sufficiency. The defendant argues that the Commonwealth's evidence was insufficient in two respects. First, he claims that there was insufficient evidence that he constructively possessed the drugs and ammunition. Second, he claims that there was insufficient evidence of his intent to distribute the drugs. In a challenge to the sufficiency of the evidence, we examine whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 319 (1979). Measured by that standard, the evidence here plainly was sufficient to support all three convictions.
a. Constructive possession. The cocaine, oxycodone pills, and ammunition were all discovered during the execution of a search warrant for the apartment where the defendant lived.[2] In fact, the items were found inside a locked walk-in closet of the bedroom that the jury reasonably could have inferred was the defendant's, with the ammunition kept inside two locked safes inside the locked closet. Keys that opened the closet and the safes inside were found on a lanyard on the defendant's person when the search warrant was executed. Based on such evidence, the jury readily could have found that the defendant constructively possessed the drugs and ammunition. See, e.g., Commonwealth v. DePina, 75 Mass. App. Ct. 842, 854 (2009) (strong evidence of constructive possession where defendant possessed keys to the building's main door, the apartment's front door, and the door to the bedroom where the drugs were found).
b. Intent to distribute. Similarly, there was ample evidence from which the jurors reasonably could have inferred that the defendant intended to distribute the drugs that he possessed. See generally Commonwealth v. Montalvo, 76 Mass. App. Ct. 319, 327 (2010) (discussing types of evidence that properly can support an inference that a defendant intended to distribute drugs found in his possession). The cocaine was found in a large quantity (more than eighteen grams), in the vicinity of various other indicia of distribution, such as five digital scales, hundreds of "baggies," and a large amount of cash (despite the defendant's unemployed status). The oxycodone pills were also found in a relatively large quantity (fifty pills) and in close proximity to the large amount of cash, cocaine, and related evidence. In addition, the pills were packaged in smaller amounts consistent with distribution. Finally, the Commonwealth's case as to both drugs was supported by expert testimony of a police officer regarding how drugs are commonly distributed. The evidence was sufficient.
2. Use of hypotheticals. During their deliberations, the jury requested further instruction regarding constructive possession. In his response to the questions, the judge offered several hypothetical examples of constructive possession. One involved car keys in the pocket of the judge's coat hanging in his chambers. The other involved a borrowed fishing rod. The third one involved items in the judge's bank safe deposit box. Because the defendant lodged no objection to these hypotheticals, our review is limited to whether an error caused a substantial risk of a miscarriage of justice. Commonwealth v. Drummond, 76 Mass. App. Ct. 625, 627 (2010). To demonstrate such an error, the defendant has to show a "serious doubt whether the result of the trial might have been different had the error not been made." Commonwealth v. LeFave, 430 Mass. 169, 174 (1999).
The defendant claims that in providing the hypotheticals, the judge "gave confusing examples that likely misl[e]d the jury." However, the defendant's arguments to that effect are conclusory and abstract. He has not shown how any hypothetical used by the judge was erroneous, much less how it could have confused or misled the jury. No substantial risk of a miscarriage of justice has been shown.
Judgments affirmed.

The jury were free to accept testimony that the defendant admitted to police that he lived at the apartment. At trial, the defendant denied that he told this to police and, together with his mother, testified that he lived elsewhere. The jury were not required to accept such testimony. See Commonwealth v. Dubois, 451 Mass. 20, 28 (2008) ("The weight and credibility of the evidence is the province of the jury").